IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01682-LTB-MEH

MELISSA ZAWADZKI,

      Plaintiff,

v.

THE COMMUNITY HOSPITAL ASSOCIATION, d/b/a BOULDER COMMUNITY HOSPITAL,
a Colorado nonprofit corporation,
ERVYN MUNKS, M.D.,
CHARLES JONES, M.D., and
JOHN DOES, M.D., 103, whose true names are unknown,

      Defendants.

_____

Civil Action No. 09-cv-02450-CMA

MELISSA ZAWADZKI,

      Plaintiff,

v.

THE UNITED STATES OF AMERICA,

      Defendant.

_____

## ORDER ON MOTION TO COMPEL

_____

**Michael E. Hegarty, United States Magistrate Judge.**

      Pending before the Court is Defendant USA's Motion for Order to Compel an Independent

Medical Examination [filed March 23, 2010; docket #88]. The matter is briefed and the Court heard

oral argument on the motion today, March 29, 2010.  For the reasons that follow and as stated during

the hearing, the motion is **granted in part and denied in part**.

      The United States seeks an order compelling the Plaintiff to provide a urine sample during

the independent medical examination (IME) scheduled to take place on March 31, 2010. In addition, the Defendant objects to the Plaintiff's request to have her husband or a friend attend the IME with her for "emotional support." The Plaintiff responds that a urine sample is an invasion of privacy and irrelevant in that the United States allegedly seeks the urine sample only to check for scheduled drugs in the Plaintiff's system. Also, the Plaintiff argues that she is especially vulnerable as a patient in this type of exam that will require an expert hired by the Defendant to examine a private area; thus, she seeks to have a friend or her husband attend the exam with her for emotional support.

After reviewing the briefs and relevant case law, and hearing arguments from all parties, the Court finds that a urine sample is appropriate where, as here, the doctor requires the test to determine the patient's level of pain. Dr. Stieg attests that a urine screen is both routine and necessary in this type of examination. Plaintiff's primary opposition is that she disputes that the test is necessary. The Court believes that a urine sample is minimally intrusive, and such intrusion is outweighed by the physician's statement that the sample is necessary to complete his examination and report. With that said, the Court will limit the urine screen to pain medications only. In addition, the Court encourages the parties to stipulate, as offered by the United States, that the results of the urine test will be used only for purposes of this litigation and, otherwise, will be kept confidential.

In addition, the Court denies Plaintiff's request for a third party observer at the IME. For Plaintiff's comfort, Dr. Stieg will have a female assistant present at all times during the IME. As in any case, if the IME physician or his assistant conduct themselves unprofessionally, then the Plaintiff shall report any such conduct to the Court.

Based on the foregoing, and the entire record provided to the Court, I do hereby **grant in**

**part and deny in part** Defendant USA's Motion for Order to Compel an Independent Medical

Examination [filed March 23, 2010; docket #88].

Dated at Denver, Colorado, this 29th day of March, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge